```
                  UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


CLARENCE PHIPPEN,              : CIVIL NO: 3:CV-05-1446
            Plaintiff          :
                               : (Chief Judge Vanaskie)
     v.                        :
                               : (Magistrate Judge Smyser)
SCI-WAYMART, JOE NISH,         :
and DONALD JONES,              :
            Defendants         :
```

**ORDER**

On July 19, 2005, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

By an Order dated July 26, 2005, we reviewed the complaint pursuant to 28 U.S.C. § 1915A and determined that the complaint failed to state a claim upon which relief may be granted. The plaintiff was granted leave to file an amended complaint on or before August 25, 2005.

On August 23, 2005, the plaintiff filed an amended complaint. By an Order dated September 9, 2005, the Clerk of

Court was directed to serve the plaintiff's amended complaint on the defendants in accordance with Fed.R.Civ.P. 4.

The amended complaint names as defendants the State Correctional Institution at Waymart (SCI-Waymart); Joe Nish, the Superintendent at SCI-Waymart; and Donald Jones, a hearing examiner at SCI-Waymart.  We construe the amended complaint as attempting to state four claims: 1) that the plaintiff was denied due process when he was placed in disciplinary confinement: 2) that the plaintiff was retaliated against for pursuing legal relief; 3) that the plaintiff was denied access to the courts; and 4) that the plaintiff's Fifth Amendment right against self-incrimination was violated when he was questioned in connection with disciplinary infractions without first being given *Miranda* warnings.

On October 14, 2005, the defendants filed a motion to dismiss the amended complaint and a brief in support of that motion.  The plaintiff was granted an extension of time until November 21, 2005, to file a brief in opposition to the defendants' motion to dismiss.  On October 31, 2005, the plaintiff filed a document which contained both a second

amended complaint and a response to the defendants' motion to dismiss.  The second amended complaint is identical to the amended complaint except that the plaintiff added paragraph numbers to the paragraphs of his amended complaint in apparent response to the argument made by the defendants that it would be impossible for them to answer the amended complaint because the allegations in the amended complaint are not set forth in numbered paragraphs.

On November 10, 2005, defendants filed a motion to strike the second amended complaint and a brief in support of that motion.

On November 25, 2005, the plaintiff filed a brief in opposition to the defendants' motion to dismiss the amended complaint.   On December 1, 2005, the plaintiff filed a brief in opposition to the defendants' motion to strike.

By a separate Report and Recommendation filed this date we recommend that the defendants' motion to dismiss the amended complaint be granted.   In this order we address the defendants' motion to strike the second amended complaint as well as a number of motions filed by the plaintiff.

The defendants contend that the second amended complaint should be stricken from the record since the plaintiff did not seek leave to amend his complaint a second time.

Since the plaintiff has already amended his complaint once, pursuant to Fed.R.Civ.P. 15(a) he was required to seek leave of court to amend his complaint a second time.  Since the plaintiff did not seek leave of court to amend his complaint a second time, the second amended complaint will be stricken from the record.  We note that, since the second amended complaint is the same as the amended complaint except that the second amended complaint contains paragraph numbers, the plaintiff will not be prejudiced by the striking of his second amended complaint.

On December 5, 2005, the plaintiff filed a motion for the appointment of counsel.  Since the plaintiff's claims do not have merit, as we have determined by a separate Report and Recommendation, we will deny the plaintiff's motion for the appointment of counsel.

4

On December 15, 2005, the plaintiff filed a "Motion to Amend the Pleading a Second Time." The plaintiff has not filed a brief in support of this motion. Pursuant to Local Rule 7.5, Rules of Court, M.D. Pa, the motion is deemed withdrawn. We note that the plaintiff did not attach to his motion a proposed amended complaint, but that based on what he states in his motion the second amended complaint that he seeks to file would not cure the defects in his amended complaint set forth in the Report and Recommendation filed this date.

On December 22, 2005, the plaintiff filed a motion for affidavits. Again, the plaintiff has not filed a brief in support of that motion, and pursuant to Local Rule 7.5 the motion is deemed withdrawn.

**IT IS ORDERED** that the defendants' motion (doc. 19) to strike the plaintiff's second amended complaint is **GRANTED** and the plaintiff's second amended complaint (doc. 18) is **STRICKEN FROM THE RECORD. IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 24) for the appointment of counsel is **DENIED. IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 25) to

amend the pleading a second time and the plaintiff's motion (doc. 26) for affidavits are **DEEMED WITHDRAWN**.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:   January 25, 2006.